J-S25023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    : PENNSYLVANIA
                                    :
           v.                      :
                                    :
                                    :
NEFTALI VALENTIN               :
                                    :
          Appellant         : No. 7 EDA 2024

Appeal from the PCRA Order Entered November 17, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000957-2006

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED OCTOBER 16, 2024**

Neftali Valentin appeals *pro se* from the dismissal of his Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. He claims that the court erred in dismissing his petition. We affirm.

In 2007, Valentin pled guilty to two counts of attempted homicide and one count of arson.[1] The court sentenced him to an aggregate term of 21 to 42 years' incarceration. Valentin filed a post-sentence motion that was denied by operation of law. ***See*** Motion for Reconsideration of Sentence, filed 3/8/07. Valentin did not file a direct appeal.

Valentin filed the instant *pro se* PCRA petition, his second, on September 5, 2023, claiming that trial counsel failed to inform him of his appellate rights and that PCRA counsel failed to present evidence establishing trial counsel's

---

[1] 18 Pa.C.S.A. §§ 901(a), 2501(a), and 3301(a)(1)(i), respectively.

ineffectiveness. **See** Petition Under Post Conviction Relief Act and for *Nunc Pro Tunc* Reinstatement of Appellate Rights, filed 9/5/23, at ¶¶ 15-16. Valentin claimed the governmental interference time-bar exception. **Id.** at ¶ 22. He maintained that the trial court did not rule on his post-sentence motion and that the clerk of courts failed to notify him when it was denied by operation of law. **See id.**

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907, concluding that the petition was untimely and that the governmental interference time-bar exception did not apply. Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), filed 10/27/23, at n.1; Pa.R.Crim.P. 907(1). It noted that Valentin did not present "any evidence, or even raised an allegation, that the trial court or the Clerk of Courts somehow prevented him from raising a claim under the PCRA" and the court's failure to enter an order denying his post-sentence motion "did not in any way affect [Valentin's] ability to file a PCRA petition." **Id.** Valentin responded to the Rule 907 notice stating that if the court determined relief was not warranted under the PCRA, the court was required to "re-label" the PCRA petition as a writ of *habeas corpus*. **See** Answer to Court's Notice of Intent to Dismiss, filed 11/3/23. The court ultimately dismissed the PCRA petition as untimely. Order, filed 11/17/23. This timely appeal followed.

Valentin raises the following issue: "Whether the [t]rial [c]ourt abused its discretion in dismissing [Valentin's] Post Conviction Petition seeking relief in the justice where insufficient reason exist[s] to support differential

treatment among individuals[?]" Valentin's Br. at 3 (suggested answer omitted).

We review the denial of PCRA relief by determining whether the PCRA court's conclusions are "supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014). We defer to the findings of the PCRA court that are supported by the record and review its legal conclusions *de novo*. *See Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013); *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002).

We do not address the merits of Valentin's claim because his PCRA petition is untimely. "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we . . . do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). A PCRA petition, including a second or subsequent petition, must be filed within one year of the petitioner's judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1). Beyond that one-year deadline, a petitioner must plead and prove at least one time-bar exception. These exceptions include governmental interference in raising the claim, newly discovered facts that could not have been discovered earlier with due diligence, and a newly recognized constitutional right that has been recognized to apply retroactively.

*See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise a time-bar exception "within one year of the date the claim could have been presented." *See id.* at § 9545(b)(2).

Here, Valentin's judgment of sentence became final on August 6, 2007, 30 days after his post-sentence motion was considered denied by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b), (B)(3)(a); 1 Pa.C.S.A. § 1908. Thus, the instant petition is facially untimely. Valentin therefore had to plead at least one time-bar exception.

In his petition, Valentin raised the governmental interference exception. This exception applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). "The proper question with respect to [the government interference] timeliness exception is whether the government interfered with [the a]ppellant's ability to present his claim and whether [the a]ppellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019)

Valentin claims that the clerk of courts and trial court were governmental actors that interfered with his ability to raise his claim of ineffective assistance of counsel, by failing to notify him of the denial of his post-sentence motion. However, he did not plead due diligence. As such, Valentin failed to sufficiently plead the governmental interference exception.

- 4 -

Valentin's reliance on **Commonwealth v. Harris**, No. 1230 EDA 2021, 2022 WL 3909026, at \*\*1 (Pa.Super. filed Aug. 31, 2022) (unpublished mem.) is misplaced because the PCRA petition there was timely. The PCRA court committed no error in dismissing the instant petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2024